UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIUS EDWARD HOOPER,

        Plaintiff,                  Case No. 1:08-CV-1085

v.                                     Honorable Robert J. Jonker

PATRICIA A. CARUSO,

        Defendant.
_____/

**OPINION**

Plaintiff, a state prisoner, purports to bring this action under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for lack of jurisdiction.

**Factual Allegations**

Plaintiff is currently incarcerated at the Earnest C. Brooks Correctional Facility. According to the Michigan Department of Corrections (MDOC) Offender Tracking Infomation System (OTIS), Plaintiff has four convictions: possession of 50-224 grams of cocaine, MICH. COMP. LAWS § 333.7403(2)(a)(iii); two convictions for resisting or obstructing an officer, MICH. COMP. LAWS § 750.479; and armed robbery, MICH. COMP. LAWS § 750.529. On October 19, 1995, he was sentenced to a term of incarceration of ten to twenty years for the possession of cocaine. On April 27, 1995, he was sentenced to one to four years each for resisting an officer and five to fifteen years for armed robbery.

According to his complaint, Plaintiff was returned to prison in 2006 for violating his parole in 2006. (Compl. at 4.) He was charged with failing to report to his parole officer on August 6, 2006, having contact with a prohibited person on August 8, 2006 and possessing a weapon on October 8 and 10, 2006. (*Id.*) He was returned to prison and found guilty of violating his parole after a parole revocation hearing on December 22, 2006. (*Id.*) On March 19, 2008 the 36th District Court dismissed the pending criminal charges for being a felon in possession. (*Id.* at 4-5; Compl., Ex. A at 3.)

Plaintiff brings this suit under 28 U.S.C. §§ 2201 and 2202 requesting the Court to declare Director's Office Memorandum (DOM) 2004-11 unconstitutional. Director's Office Memorandum 2004-11 states that if a parolee's parole is revoked for "owning or possessing a firearm, including having a firearm under his/her control . . . the parolee shall not be eligible for parole reconsideration for 60 months." Plaintiff claims that DOM 2004-11 violates his consitutional right to Due Process because he was never given a trial regarding the sixty month imprisonment.

(*Id.* at 5.)   Plaintiff makes the same assertion regarding MDOC Policy Directive 06.05.104(X), which also states that after parole denial, the Parole Board may reconsider a prisoner for parole after 60 months if the "prisoner had a prior parole revoked for violating a condition of parole prohibiting ownership or possession of a firearm, including having a firearm under his/her control. . . ." Plaintiff also asserts that Defendant Caruso violated the Doctrine of Separation of Powers and Plaintiff's Fourteenth Amendment rights by implementing DOM 2004-11.  (*Id.* at 6.)

For relief, Plaintiff requests an order declaring that DOM 2004-11 and MICH. DEP'T. OF CORR., Policy Directive 06.05.104(X) are unconstitutional and that Defendant is enjoined from further implementing this rule. (*Id.* at 8.)

## Discussion

The Declaratory Judgment Act, 28 U.S.C. § 2201, cited by Plaintiff as the basis of this action, is not "an independent basis for federal subject matter jurisdiction." *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007); *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950).   Before invoking the Declaratory Judgment Act, a federal court must "have jurisdiction already" under some other federal statute. *Heydon v. MediaOne of S.E. Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003).

In seeking an order that DOM 2004-11 is unconstitutional and should not apply to Plaintiff, Plaintiff is challenging the fact that his confinement will be continued without parole review for 60 months.  A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus under 28 U.S.C. § 2254.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 494 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).  The Court will not,

however, convert the petition for declaratory judgment into a petition for a writ of habeas corpus. A prisoner's *pro se* action for declaratory judgment should not be construed by a federal district court as a petition for writ of habeas corpus. *See Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *see also Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997); *see also Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) (The Sixth Circuit held that the court should have dismissed a *pro se* petition filed pursuant to 28 U.S.C. § 2241 without prejudice or given petitioner an opportunity to withdraw before the petition was construed as a § 2254.). This is because the Antiterrorism and Effective Death Penalty Act (AEDPA) has created a number of "pitfalls" for prisoners who use the wrong procedural vehicle in attacking their conviction or sentence. *Bunn,* 309 F.3d at 1007; *Moore*, 110 F.3d at 23-24. Conversion of a prisoner's civil action to a habeas petition "triggers a much shorter statute of limitations and stringent rules about the ability to file successive petitions." *Id.*; *see also Martin*, 391 F.3d at 713 ("[c]onverting a *pro se* habeas petition filed under a statute not subject to the severe 'second or successive' restrictions of section 2244 (for state prisoners) or section 2255 (for federal prisoners) could cause the petitioner to forfeit unnecessarily and unintentionally a meritorious claim . . . ." (internal citations omitted)). Therefore, Plaintiff's complaint will be dismissed without prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for lack of jurisdiction pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

(6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

      A Judgment consistent with this Opinion will be entered.


Dated:    January 14, 2009               /s/ Robert J. Jonker
                                              ROBERT J. JONKER
                                              UNITED STATES DISTRICT JUDGE